UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MAURICE RICHARDSON, : | |
| : | |
| Plaintiff, : | Civ. No. 22-5682 (RBK) (SAK) |
| : | |
| v. : | |
| : | **OPINION** |
| DAVID ORTIZ, et al., : | |
| : | |
| Defendants. : | |

**ROBERT B. KUGLER, U.S.D.J.**

### I.     INTRODUCTION

Plaintiff, Maurice Richardson ("Plaintiff" or "Richardson"), is a federal prisoner currently incarcerated at F.C.I. Fort Dix in Fort Dix, New Jersey. Plaintiff is proceeding *pro se* with a civil complaint. (*See* ECF 1). Plaintiff has paid the filing fee. Accordingly, the Clerk will be ordered to file the complaint. Plaintiff has also filed a motion for a preliminary injunction as well as motion for the issuance of summonses. (*See* ECF 6 & 7).

This Court must screen the claims of Plaintiff's complaint pursuant to 28 U.S.C. § 1915A to determine whether they are frivolous or malicious, fail to state a claim upon which relief may be granted, or whether the claims seek monetary relief from a defendant who is immune from suit. For the following reasons, Plaintiff's complaint is summarily dismissed at screening without prejudice and Plaintiff's motions for a preliminary injunction and to appoint pro bono counsel are denied.

### II.     FACTUAL AND PROCEDURAL BACKGROUND

The allegations of the complaint are construed as true for purposes of this screening opinion. Plaintiff names four Defendants in his complaint; they are as follows:

1. David Ortiz – former warden at F.C.I. Fort Dix
2. Mr. Cassano – former assistant health services administrator at F.C.I. Fort Dix
3. Kyle Englert – correctional officer F.C.I. Fort Dix
4. Mr. Hynechinski – chief health services administrator F.C.I. Fort Dix

Plaintiff alleges he worked as an orderly in the medical services department at F.C.I. Fort Dix for several years prior to October 4, 2017. (*See* ECF 1 at 3). Plaintiff alleges he was called upon during this period to unethically work outside his job scope and duties that violated the Federal Bureau of Prisons' ("BOP") procedures, policies and protocols. (*See id.* at 3-4). Such tasks included organizing, pulling and placing inmate medical records as well as biohazard clearing. (*See id.* at 4).

On or about October 4, 2017, Plaintiff alleges Defendant Englert, along with EMT Fletcher "announced a shakedown" of Plaintiff's "12-man room." (*See id.* at 5). Englert aggressively squeezed Plaintiff's shoulders and aggressively padded and searched Plaintiff. (*See id.*). Englert, without provocation, then used an aggressive "karate chop" on Plaintiff's testicles and scrotum. (*See id.*). This left Plaintiff in excruciating pain. (*See id.*). Englert filed an incident report against Plaintiff at the time that Plaintiff states contained false allegations. (*See id.* at 6). The incident report was later dismissed by a discipline hearing officer. (*See id.* at 6).

On October 5, 2017, Plaintiff was examined at medical department and Plaintiff made a formal complaint against Engler. (*See id.* at 6). In July, 2018, Plaintiff was still experiencing pain. (*See id.* at 6). An ultrasound revealed bilateral testicular microlithiasis. (*See id.*). At that time, Plaintiff was warned by medical personnel that if the fluid and pain remained, surgery may be required. (*See id.*).

Plaintiff attached to his complaint administrative remedies he sought. This includes what appears to be an undated notice of tort claim from Plaintiff related to the purported use of excessive force by Englert against Plaintiff. (*See* ECF 1-3 at 2-3). This also includes an April 4, 2022 request for administrative remedy from Plaintiff related to Englert's purported use of excessive force on or around October 4, 2017. (*See id.* at 1-4 at 1).

Plaintiff initiated this federal court action in September, 2022. (*See* ECF 1). Plaintiff seeks monetary and injunctive relief. (*See* ECF 1 at 9-10). He claims he is entitled to relief based on Defendants' retaliation, use of excessive force and failure to intervene. (*See id.*). Plaintiff has also filed a motion for a preliminary injunction and for the appointment of pro bono counsel. (*See* ECF 6 & 7).

### III.   LEGAL STANDARD

District courts must review complaints in civil actions in which a prisoner seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions. *See* 42 U.S.C. § 1997e. District courts are directed to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b).

The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915A(b) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). *See Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)); *see also Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 42 U.S.C. § 1997e(c)(1)). That standard is set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). To survive the court's

screening for failure to state a claim, the complaint must allege 'sufficient factual matter' to show that the claim is facially plausible. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

*Pro se* pleadings, as always, are liberally construed. *See Haines v. Kerner*, 404 U.S. 519 (1972). Nevertheless, *"pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

## IV.   DISCUSSION

Plaintiff alludes to 42 U.S.C. § 1983 as a basis for bringing htis complaint. (*See* ECF 1 at 1). As a federal prisoner, however, Plaintiff's claims are more appropriately brought pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). *See, e.g.*, *Egervary v. Young*, 366 F.3d 238, 246 (3d Cir. 2004) (citing *Brown v. Philip Morris, Inc.*, 250 F.3d 789, 800 (3d Cir. 2001)). The statute of limitations for *Bivens* claims is taken from the forum state's personal injury statute. *See Hughes v. Knieblher*, 341 F. App'x 749, 752 (3d Cir. 2009). New Jersey's statute of limitations for personal injury causes of action is two years. *See* N.J. Stat. Ann. § 2A:14-2.

Plaintiff's causes of action accrued at or around the time of Englert's October, 2017 actions. *See Ostuni v. Wa Wa's Mart*, 532 F. App'x 110, 112 (3d Cir. 2013) (excessive force

4

claim typically accrues on the date of the assault because at that point plaintiff has reason to know of the injury); *Hynoski v. Columbia Cty. Redevelopment Auth.*, 941 F. Supp. 2d 547, 560 (M.D. Pa. 2013) ("[A] First Amendment retaliation claim would have accrued after any individual act which was intended to punish the person exercising their First Amendment rights.").

Plaintiff filed this complaint well beyond the applicable two-year statute of limitations.[1] Accordingly, this Court will summarily dismiss the complaint for failure to state a claim upon which relief may be granted.

Finally, Plaintiff has moved for a preliminary injunction and the issuance of summonses. To secure the extraordinary relief of a preliminary injunction, a plaintiff must demonstrate that "'(1) he is likely to succeed on the merits; (2) denial will result in irreparable harm; (3) granting the injunction will not result in irreparable harm to the defendants; and (4) granting the injunction is in the public interest.'" *Bragg v. Balicki,* Civ. No. 10–3803, 2011 WL 734705, at *3 (D.N.J. Feb.22, 2011) (citing *Maldonaldo v. Houston,* 157 F.3d 179, 184 (3d Cir. 1998). As to

Given this Court has determined that Plaintiff's claims are time-barred, his claims lack underlying merit such that his motions for a preliminary injunction and the issuance of summonses are denied.

---

[1] This Court is mindful that the statute of limitations should be tolled while a prisoner pursues administrative remedies. *See Wisniewski v. Fisher*, 857 F.3d 152, 158 (3d Cir. 2017) (citing *Pearson v. Sec'y Dep't of Corr.*, 775 F.3d 598, 603 (3d Cir. 2015)). In this case, however, Plaintiff 's administrative remedy process based on the exhibits he attaches to the complaint did not begin until 2022, well after the applicable two-year statute of limitations on his claims had already expired. Thus, by that point there was no statute of limitations period left to toll.

## V.   CONCLUSION

For the foregoing reasons, Plaintiff's complaint is summarily dismissed. Plaintiff's motions for a preliminary injunction and the appointment of pro bono counsel are denied. An appropriate order will be entered.


DATED: March 9, 2023                                                              s/ Robert B. Kugler
                                                                                              ROBERT B. KUGLER
                                                                                              United States District Judge