UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MAURICE RICHARDSON, | : |
| Plaintiff, | : Civ. No. 22-5682 (RBK) (SAK) |
| v. | : |
| | : **OPINION** |
| DAVID ORTIZ, et al., | : |
| Defendants. | : |

**ROBERT B. KUGLER, U.S.D.J.**

I.   INTRODUCTION

Plaintiff, Maurice Richardson ("Plaintiff" or "Richardson"), is a federal prisoner proceeding *in forma pauperis* in this civil action and is currently incarcerated at F.C.I. Fort Dix in Fort Dix, New Jersey. On March 9, 2023, this Court screened Plaintiff's complaint and determined that it was time-barred. (*See* ECF 8 & 9). However, Plaintiff was given leave to file a proposed amended complaint to the extent he could show that tolling saved his complaint from dismissal. Subsequently, Plaintiff has filed a motion for leave to file a proposed amended complaint. (*See* ECF 10). The Clerk will be ordered to reopen this action so that Plaintiff's motion can be analyzed and decided. For the following reasons, Plaintiff's motion is denied. This matter will be dismissed with prejudiced.

II.   FACTUAL AND PROCEDURAL BACKGROUND

The factual background of Plaintiff's initial complaint in this action filed in September, 2022 was previously discussed as follows:

> Plaintiff names four Defendants in his complaint; they are as follows:
>
> 1. David Ortiz – former warden at F.C.I. Fort Dix

       2. Mr. Cassano – former assistant health services administrator at F.C.I. Fort Dix
       3. Kyle Englert – correctional officer F.C.I. Fort Dix
       4. Mr. Hynechinski – chief health services administrator F.C.I. Fort Dix

Plaintiff alleges he worked as an orderly in the medical services department at F.C.I. Fort Dix for several years prior to October 4, 2017. (*See* ECF 1 at 3). Plaintiff alleges he was called upon during this period to unethically work outside his job scope and duties that violated the Federal Bureau of Prisons' ("BOP") procedures, policies and protocols. (*See id.* at 3-4). Such tasks included organizing, pulling and placing inmate medical records as well as biohazard clearing. (*See id.* at 4).

On or about October 4, 2017, Plaintiff alleges Defendant Englert, along with EMT Fletcher "announced a shakedown" of Plaintiff's "12-man room." (*See id.* at 5). Englert aggressively squeezed Plaintiff's shoulders and aggressively padded and searched Plaintiff. (*See id.*). Englert, without provocation, then used an aggressive "karate chop" on Plaintiff's testicles and scrotum. (*See id.*). This left Plaintiff in excruciating pain. (*See id.*). Englert filed an incident report against Plaintiff at the time that Plaintiff states contained false allegations. (*See id.* at 6). The incident report was later dismissed by a discipline hearing officer. (*See id.* at 6).

On October 5, 2017, Plaintiff was examined at medical department and Plaintiff made a formal complaint against Engler. (*See id.* at 6). In July, 2018, Plaintiff was still experiencing pain. (*See id.* at 6). An ultrasound revealed bilateral testicular microlithiasis. (*See id.*). At that time, Plaintiff was warned by medical personnel that if the fluid and pain remained, surgery may be required. (*See id.*).

Plaintiff attached to his complaint administrative remedies he sought. This includes what appears to be an undated notice of tort claim from Plaintiff related to the purported use of excessive force by Englert against Plaintiff. (*See* ECF 1-3 at 2-3). This also includes an April 4, 2022 request for administrative remedy from Plaintiff related to Englert's purported use of excessive force on or around October 4, 2017. (*See id.* at 1-4 at 1).

Plaintiff initiated this federal court action in September, 2022. (*See* ECF 1). Plaintiff seeks monetary and injunctive relief. (*See* ECF 1 at 9-10). He claims he is entitled to relief based on Defendants' retaliation, use of excessive force and failure to intervene. (*See id.*).

2

>Plaintiff has also filed a motion for a preliminary injunction and for the appointment of pro bono counsel. (*See* ECF 6 & 7).

*Richardson v. Ortiz*, No. 22-5682, 2023 WL 2424187, at *1–2 (D.N.J. Mar. 9, 2023).

As Plaintiff is proceeding *in forma pauperis*, in March 2023, this Court screened Plaintiff's initial complaint and determined that it was timed barred. This Court explained as follows:

>Plaintiff alludes to 42 U.S.C. § 1983 as a basis for bringing this complaint. (*See* ECF 1 at 1). As a federal prisoner, however, Plaintiff's claims are more appropriately brought pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). *See, e.g.*, *Egervary v. Young*, 366 F.3d 238, 246 (3d Cir. 2004) (citing *Brown v. Philip Morris, Inc.*, 250 F.3d 789, 800 (3d Cir. 2001)). The statute of limitations for *Bivens* claims is taken from the forum state's personal injury statute. *See Hughes v. Knieblher*, 341 F. App'x 749, 752 (3d Cir. 2009). New Jersey's statute of limitations for personal injury causes of action is two years. *See* N.J. Stat. Ann. § 2A:14-2.
>
>Plaintiff's causes of action accrued at or around the time of Englert's October, 2017 actions. *See Ostuni v. Wa Wa's Mart*, 532 F. App'x 110, 112 (3d Cir. 2013) (excessive force claim typically accrues on the date of the assault because at that point plaintiff has reason to know of the injury); *Hynoski v. Columbia Cty. Redevelopment Auth.*, 941 F. Supp. 2d 547, 560 (M.D. Pa. 2013) ("[A] First Amendment retaliation claim would have accrued after any individual act which was intended to punish the person exercising their First Amendment rights.").
>
>Plaintiff filed this complaint well beyond the applicable two-year statute of limitations. [FN 1] Accordingly, this Court will summarily dismiss the complaint for failure to state a claim upon which relief may be granted.
>
>>[FN 1] This Court is mindful that the statute of limitations should be tolled while a prisoner pursues administrative remedies. *See Wisniewski v. Fisher*, 857 F.3d 152, 158 (3d Cir. 2017) (citing *Pearson v. Sec'y Dep't of Corr.*, 775 F.3d 598, 603 (3d Cir. 2015)). In this case, however, Plaintiff's administrative remedy process based on the exhibits he attaches to the complaint did not begin until

3

> 2022, well after the applicable two-year statute of
> limitations on his claims had already expired. Thus,
> by that point there was no statute of limitations
> period left to toll.

*Richardson*, 2023 WL 2424187, at *2–3.

Plaintiff subsequently filed a motion to file a proposed amended complaint. (*See* ECF 10). Plaintiff's proposed amended complaint essentially raises the same factual issues as raised in his initial complaint. Plaintiff though asserts that this action should be considered timely because it relates back to a habeas petition he filed under Civ. No. 18-13939. This Court previously outlined the facts of that habeas petition as follows:

> This case arises from an incident on October 4, 2017, in which a corrections officer conducted a search of Petitioner's room and person. Upon completing the search, the officer found various medical supplies in Petitioner's locker.
>
> For nearly five years prior, Petitioner worked as an orderly at the Prison's medical services department. Petitioner explained that he had the supplies because the medical staff provided him with excess supplies, so that he could respond more efficiently to biohazard cleanup requests. Nevertheless, the officer issued an incident report and charged Petitioner with possession of items that could be used as a weapon and possession "of anything not authorized for retention or receipt by the inmate." (ECF No. 1, at 6).
>
> On October 16, 2017, Petitioner appeared before a disciplinary hearing officer ("DHO"), and after reviewing Petitioner's testimony and the evidence, the DHO dismissed all charges related to the October 4, 2017, incident report. (*Id.*).
>
> A few days later, Petitioner learned that the health services administrator, Respondent Cassano, accused Petitioner of stealing the medical supplies. Officials then sanctioned Petitioner for stealing, "even though all charges related to the incident report on 10/4/2017 were dismissed" and even though Petitioner never received notice or a hearing as to that accusation. (*Id.* at 7). As a sanction, the officials terminated Petitioner's employment as an orderly. Petitioner does not allege that he received any other sanction.

> On September 17, 2018, Petitioner filed the instant Petition requesting that the Court order a hearing on the stealing charge, the reversal of "any sanctions imposed," the expungement of any related records, and award him lost wages. (*Id.* at 12).

*Richardson v. Ortiz*, No. 18-13939, 2019 WL 2121365, at *1 (D.N.J. May 15, 2019). Ultimately, this Court summarily dismissed Plaintiff's § 2241 habeas petition on May 15, 2019 finding that Petitioner's claims were not proper in the habeas context as they did not challenge the duration of his incarceration. *See id.* at *2. This Court then noted that Richardson's conditions of confinement issues could only proceed by way of a civil rights action. *See id.* at *2. Subsequently, Plaintiff filed his initial civil complaint in this action September, 2022.

### III. LEGAL STANDARD

Federal Rule of Civil Procedure 15(a) provides that "[t]he court should freely give leave [to amend] when justice so requires." However, a request to amend the complaint may be denied where there is undue delay, bad faith, dilatory motive, unfair prejudice, or futility of amendment. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962); *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997)).

### IV. DISCUSSION

As noted above, Plaintiff argues that his proposed amended complaint should be considered timely because it relates back to his habeas action filed in 2018 and summarily dismissed on May 15, 2019. For the following reasons though, this Court will deny Plaintiff's motion to amend as futile.

> Pursuant to Rule 15(c), an amendment that is otherwise untimely "relates back to the date of the original pleading when ... the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." Fed. R. Civ. P. 15(c)(1)(B). The Supreme

5

> Court has cautioned that courts should not interpret "conduct, transaction, or occurrence" in such a broad manner so as to construe essentially all amendments as permissible under the relation-back doctrine. *See Mayle v. Felix*, 545 U.S. 644, 656–57, 125 S. Ct. 2562, 162 L. Ed. 2d 582 (2005). . . .
>
> In "search[ing] for a common core of operative facts in the two pleadings," *Bensel v. Allied Pilots Ass'n*, 387 F.3d 298, 310 (3d Cir. 2004), courts should remain aware that "the touchstone for relation back is fair notice, because Rule 15(c) is premised on the theory that 'a party who has been notified of litigation concerning a particular occurrence has been given all the notice that statutes of limitations were intended to provide[.]'" *Glover v. FDIC*, 698 F.3d 139, 146 (3d Cir. 2012). "Thus, only where the opposing party is given 'fair notice of the general fact situation and the legal theory upon which the amending party proceeds' will relation back be allowed." *Glover*, 698 F.3d at 146 (quoting *Bensel*, 387 F.3d at 310). For example, we have held that "amendments that restate the original claim with greater particularity or amplify the factual circumstances surrounding the pertinent conduct, transaction[,] or occurrence in the preceding pleading fall within Rule 15(c)" because the opposing party will have had sufficient notice of the circumstances surrounding the allegations contained in the amendment. *Bensel*, 387 F.3d at 310.

*United States v. Santarelli*, 929 F.3d 95, 101 (3d Cir. 2019).

Plaintiff's relation back argument is misplaced in this case. Indeed, as previously noted, this Court summarily dismissed Plaintiff's habeas petition for which he claims this action relates back to on May 15, 2019. Petitioner then waited *over three years*, until September, 2022, to bring this civil rights complaint. Even if this Court were to presume that the statute of limitations was tolled during the pendency of Petitioner's habeas action, he still waited more than two years (or the applicable statute of limitations to bring his civil rights claims) in initially filing this civil rights complaint. Thus, to the extent relation back is applicable in this case, it does not save Plaintiff's proposed amended complaint. Accordingly, Plaintiff's motion to amend his complaint is denied. Given that Plaintiff's action in this case is clearly time-barred, Plaintiff shall not be given leave to file a proposed second amended complaint.

## V. CONCLUSION

For the foregoing reasons, Plaintiff's motion for leave to file an amended complaint is denied as futile. An appropriate order will be entered.

DATED: July 12, 2023                                                   s/ Robert B. Kugler
                                                                                                              ROBERT B. KUGLER
                                                                                                              United States District Judge